# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KOREN KONCOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 5574 |
| | ) | |
| ESSER, JAMES & ASSOCIATES, LLC, | ) | Judge Jorge L. Alonso |
| and DOES 1-10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff Koren Koncor's motion for entry of default judgment against defendant Esser, James & Associates, LLC ("Esser"). The Court previously granted plaintiff's motions for entry of default against Esser.

Plaintiff's complaint contains claims against Esser for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/1 *et seq.*

**Liability**

Upon entry of default, the well-pleaded allegations of the complaint that relate to liability are taken as true. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

Plaintiff's ICAA claim is not well-pleaded. Plaintiff argues in her motion that default judgment on this claim is appropriate under 225 ILCS 425/9(a)(17), which prohibits the disclosure of, or threat to disclose, "information adversely affecting a debtor's reputation for credit worthiness [sic] with knowledge the information is false." Plaintiff contends that Esser's disclosure to plaintiff's father-in-law that it was preparing to file suit against plaintiff violated

this provision. Given that there are no allegations about what was said to plaintiff's father-in-law other than that he was told the call was "regarding a legal matter which [Esser] was preparing to file against Plaintiff," Compl. ¶ 12, the Court does not see (and plaintiff does not explain) how this information adversely affected plaintiff's reputation for creditworthiness. Because the Court is unable to conclude that Esser is liable for violating the ICAA, plaintiff will not be awarded damages for violation of that statute.

Plaintiff also alleges several kinds of FDCPA violations. Although not all of them are well-pleaded, at least some of them are. For instance, plaintiff alleges that Esser communicated with her father-in-law in connection with the collection of a debt, in violation of 15 U.S.C. § 1692c(b), which prohibits such communications with persons other than the consumer, the creditor, a consumer reporting agency, or associated attorneys. Plaintiff also alleges that Esser violated 15 U.S.C. § 1692e(5) by threatening to file a collection suit that it did not intend to file and indeed never filed. These allegations, taken as true as a result of the default, establish that Esser violated the FDCPA. The Court will thus proceed to consider plaintiff's request for damages under that statute.

**Actual Damages**

In contrast to plaintiff's well-pleaded allegations relating to liability, those relating to the amount of damages suffered are ordinarily not taken as true upon default. *Wehrs*, 688 F.3d at 892. Accordingly, a plaintiff must prove her damages when they are not liquidated or capable of calculation. *Id.*

Plaintiff seeks a $5,000 award of actual damages for "emotional distress, embarrassment, and humiliation, amongst other negative emotions." (ECF No. 16, Pl.'s Mem. in Supp. of Req. for Default J. at 8.) When the injured party's own testimony is the only proof of emotional

2

damages, she must provide the court with a reasonably detailed explanation of her injuries. *See Denius v. Dunlap*, 330 F.3d 919, 929 (7th Cir. 2003). Unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action, plaintiff cannot rely on mere conclusory statements. *Id.*; *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 812 (N.D. Ill. 2010).

The Court does not consider Esser's conduct to be so inherently degrading as to support an inference of emotional distress. Plaintiff submits no evidence whatsoever—not even her own affidavit—to support her claimed damages for emotional injury. And even if she had submitted an affidavit that relied on the allegations of paragraph 21 of the complaint (as does her motion), which refers generally to "humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment," those allegations would be too conclusory to support an award of actual damages.

Plaintiff's request for an award of actual damages of $5,000 is denied.

**Statutory Damages**

Plaintiff also requests an award of $1,000 in statutory damages under the FDCPA, 15 U.S.C. § 1692k(a)(2)(A). In determining whether statutory damages are appropriate here, the court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). After considering Esser's call to plaintiff's father-in-law and repeated calls to plaintiff, all within the same day, as well as the fact that Esser threatened legal action it did not intend to take, the Court finds that an award of $1,000 in statutory damages is appropriate in this case.

3

**Attorneys' Fees**

Plaintiff also seeks an award of attorneys' fees and costs. The claimed attorneys' fees total $5,310, and the costs for filing the complaint and serving the summons total $490. The Court has reviewed the supporting documentation and finds that plaintiffs' attorneys' hourly rates are reasonable and their time was reasonably expended. The same is true for the paralegals' rates and time, with the exception of 1.7 hours (at a rate of $125 per hour). That time was spent emailing, mailing, and filing documents, as well as telephoning the clerk. Because those clerical tasks were not sufficiently complex to justify the efforts of a paralegal, the associated fees are not compensable. *See Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999). In light of this adjustment, plaintiff is awarded attorneys' fees of $5,097.50 and costs of $490, pursuant to 15 U.S.C. § 1692k(a)(3).

## CONCLUSION

Although the Court's order of October 12, 2016 granted plaintiff's motions as to the entry of default, it did not actually state that default was entered against defendant. Accordingly, default is entered against defendant Esser, James & Associates, LLC *nunc pro tunc* to October 12, 2016. Plaintiff's motion for entry of default judgment [10, 13] is granted in part and denied in part. Plaintiff is awarded $1,000.00 in statutory damages and $5,587.50 in attorneys' fees and costs for defendant Esser, James & Associates, LLC's violations of the FDCPA. Plaintiff is requested to file by November 28, 2016 a statement indicating what is contemplated regarding the claims against the Doe defendants.

**SO ORDERED.**  ENTERED: November 18, 2016

_____
**JORGE L. ALONSO
United States District Judge**